UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

PHIL LIFSCHITZ,

                Plaintiff,

      v.

PARDES BIOSCIENCES, INC., LAURA J.
HAMILL, JOHN C. POTTAGE, JR.,
MICHAEL D. VARNEY, DEBORAH M.
AUTOR, J. JAY LOBELL, THOMAS G.
WIGGANS, MARK AUERBACH, URI A.
LOPATIN, LAURIE SMALDONE ALSUP,
and JAMES B. TANANBAUM,

                Defendants.

------------------------------------------------------------

Case No._____

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

Plaintiff Phil Lifschitz ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action against Pardes Biosciences, Inc. ("Pardes" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), and to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to

which Pardes will be acquired by MediPacific, Inc. ("MediPacific") through MediPacific's subsidiary MediPacific Sub, Inc. ("Purchaser") (the "Proposed Transaction").

2.      On July 17, 2023, Pardes issued a press release announcing that it had entered into an Agreement and Plan of Merger (the "Merger Agreement"), to sell Pardes to MediPacific.  Under the terms of the Merger Agreement, MediPacific will acquire each outstanding share of Pardes common stock for: (i) $2.02 per Share (the "Base Price Per Share"); (ii) an additional amount of cash of up to $0.17 per Share (the "Additional Price Per Share," and together with the Base Price Per Share, the "Cash Amount"); and (iii) one non-transferable contractual contingent value right per Share representing the right to receive a pro rata share of certain proceeds that may arise from potential sale, transfer, license, or other disposition of certain Company assets (each a "CVR," and together with the Cash Amount, the "Offer Price").  Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on July 28, 2023.  The Tender Offer is scheduled to expire at one minute following 11:59 p.m. Eastern Time on August 25, 2023.

3.      On July 28, 2023, Pardes filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC.  The Recommendation Statement, which recommends that Pardes stockholders tender their shares in favor of the Tender Offer, omits or misrepresents material information concerning, among other things: (i) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Leerink Partners LLC ("Leerink"); and (ii) the background of the Proposed Transaction. Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act.

4.      In short, the Proposed Transaction will unlawfully divest Pardes's public stockholders of the Company's valuable assets without fully disclosing all material information

concerning the Proposed Transaction to Company stockholders.  To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such problems are remedied.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.  Pardes's common stock trades on the Nasdaq Global Market, which is headquartered in this District, rendering venue in this District appropriate.

## PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Pardes.

9.     Defendant Pardes is a Delaware corporation, with its principal executive offices located at 2173 Salk Avenue, Suite 250, PMB#052, Carlsbad, California, 92008.  The Company's common stock is traded on the Nasdaq Global Market under the ticker symbol "PRDS."

10.     Defendant Laura J. Hamill has been a director of the Company at all relevant times.

11.     Defendant John C. Pottage, Jr. has been a director of the Company at all relevant times.

12.     Defendant Michael D. Varney has been a director of the Company at all relevant times.

13.     Defendant Deborah M. Autor has been a director of the Company at all relevant times.

14.     Defendant J. Jay Lobell is co-founder of the Company and has been a director of the Company at all relevant times.

15.     Defendant Thomas G. Wiggans has been Chair of the Board, Chief Executive Officer ("CEO"), and a director of the Company at all relevant times.

16.     Defendant Mark Auerbach has been a director of the Company at all relevant times.

17.     Defendant Uri A. Lopatin founded Pardes and has been a director of the Company at all relevant times.

18.     Defendant Laurie Smaldone Alsup has been Lead Independent Director and a director of the Company at all relevant times.

19.     Defendant James B. Tananbaum has been a director of the Company at all relevant times.

20.     Defendants identified in paragraphs 10 to 19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Company Background

21.     Pardes is a clinical-stage biopharmaceutical company that is focused on discovering, developing, and commercializing novel therapeutics to treat and prevent viral diseases

4

and on preventing the next pandemic, starting with its lead candidate, pomotrelvir (formerly known as PBI-0451), which targets COVID-19. Pomotrelvir is in clinical development to treat COVID-19 in adult and pediatric patients. COVID-19 is caused by infection with the severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) and has emerged as the most significant pandemic threat to the world in many decades. The Company has completed enrollment of patients in its Phase 2 clinical trial (NCT 05543707) evaluating pomotrelvir for the treatment of COVID-19 in non-hospitalized symptomatic adults with COVID-19 who are not at increased risk of progressing to severe illness.

**The Proposed Transaction**

22.     On July 17, 2023, Pardes issued a press release announcing the Proposed Transaction. The press release stated, in relevant part:

> CARLSBAD, Calif., July 17, 2023 (GLOBE NEWSWIRE) -- Pardes Biosciences, Inc. (Nasdaq: PRDS) today announced that it has entered into a definitive merger agreement whereby MediPacific, Inc. (Purchaser) will acquire Pardes for a price per share of not less than $2.02 in cash and an additional cash amount of not more than $0.17 per share, with the final price per share being based on the amount of the Company's net cash at closing, plus a non-tradeable contingent value right (the CVR) associated with any future monetization of its COVID-19 antiviral portfolio and related intellectual property.
>
> Following a thorough review process conducted with the assistance of its legal and financial advisors, a Special Committee of the Pardes Board of Directors, consisting solely of independent and disinterested members of the Pardes Board of Directors, determined that the acquisition by Purchaser—of which Foresite Capital Management (Foresite), a significant Pardes stockholder, and Dr. James Tananbaum, a founding partner of Foresite Capital and a director on the Pardes Board of Directors, are the controlling stockholders—is in the best interests of all Pardes stockholders not affiliated with Foresite, and has unanimously recommended the merger agreement to the Pardes Board of Directors. Based upon the recommendation of the Special Committee and with the assistance of legal and financial advisors, the disinterested members of the Pardes Board of Directors have unanimously determined that the acquisition by Purchaser is in the best interests of all Pardes stockholders not affiliated with Foresite and have unanimously approved the merger agreement.

Pursuant to the terms of the merger agreement, a subsidiary of Purchaser will commence a tender offer by July 28, 2023 to acquire all outstanding shares of Pardes for a price per share of not less than $2.02 in cash and an additional cash amount of not more than $0.17 per share at closing plus the CVR representing the right to receive 80% of the net proceeds payable from any license or disposition of Pardes' programs and assets effected within five years of closing.

Closing of the tender offer is subject to certain conditions, including the tender of Pardes shares representing at least a majority of the total number of outstanding shares not held by affiliates of the Purchaser as of immediately following the consummation of the offer; Pardes having at least $125 million of net cash at closing; and other customary conditions. Immediately following the closing of the tender offer, Pardes will merge with a subsidiary of the Purchaser, and all remaining shares not tendered in the offer, other than dissenting shares and shares held by Purchaser or Pardes, will be converted into the right to receive the same cash and CVR consideration per share as is provided in the tender offer. The acquisition is expected to close in the third quarter of 2023.

**Advisors**

Leerink Partners is acting as exclusive financial advisor and Fenwick & West LLP is acting as legal counsel to Pardes. Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal counsel to Purchaser.

**Insiders' Interests in the Proposed Transaction**

23. Pardes insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Pardes.

24. Notably, Pardes insiders stand to reap substantial financial benefits for securing the deal with MediPacific. The following table sets forth the value of cash payments the Company's executive officers and directors stand to receive in connection with tendering their shares in the Tender Offer:

| Name of Executive Officer or Director | Number of Shares (#) | Cash Amount for Shares ($) |
|---|---|---|
| Thomas Wiggans | 50,000 | 109,500 |
| Heidi Henson | 316,753 | 693,689 |
| Elizabeth H. Lacy | 211,169 | 462,460 |
| Laurie Smaldone Alsup, M.D. | — | — |
| Mark Auerbach | 70,390 | 154,154 |
| Deborah M. Autor | — | — |
| Laura J. Hamill | — | — |
| J. Jay Lobell | 1,363,861 | 2,986,856 |
| Uri A. Lopatin, M.D. | 5,679,746 | 12,438,644 |
| John C. Pottage, Jr., M.D. | — | — |
| James B. Tananbaum, M.D. | 16,813,146 | 36,820,790 |
| Michael D. Varney, Ph.D. | 70,390 | 154,154 |

25.     Moreover, under the terms of the Merger Agreement, all Company restricted shares and options will be subject to accelerated vesting, and will be converted into the right to receive cash payments upon consummation of the Proposed Transaction.  The following tables set forth the value of cash payments that Pardes's directors and executive officers stand to receive in connection with the consummation of the merger pursuant to their Company equity awards:

| Name of Executive Officer or Director | Number of Shares Subject to Accelerated In-the-Money Options (#) | Cash Amount for Accelerated In-the-Money Options ($) |
|---|---|---|
| Thomas Wiggans | 503,907 | 55,430 |
| Heidi Henson | 139,974 | 15,397 |
| Elizabeth H. Lacy | 139,974 | 15,397 |
| Laurie Smaldone Alsup, M.D. | 34,375 | 11,000 |
| Mark Auerbach | 34,375 | 11,000 |
| Deborah M. Autor | 34,375 | 11,000 |
| Laura J. Hamill | 34,375 | 11,000 |
| J. Jay Lobell | 34,375 | 11,000 |
| Uri A. Lopatin, M.D. | 34,375 | 11,000 |
| John C. Pottage, Jr., M.D. | 34,375 | 11,000 |
| James B. Tananbaum, M.D. | 34,375 | 11,000 |
| Michael D. Varney, Ph.D. | 34,375 | 11,000 |

| Name of Executive Officer or Director | Number of Shares Subject to In-the-Money Options (#) | Cash Amount for In-the-Money Options ($) |
|---|---|---|
| Thomas Wiggans | 562,500 | 61,875 |
| Heidi Henson | 156,250 | 17,188 |
| Elizabeth H. Lacy | 156,250 | 17,188 |
| Laurie Smaldone Alsup, M.D. | 37,500 | 12,000 |
| Mark Auerbach | 37,500 | 12,000 |
| Deborah M. Autor | 37,500 | 12,000 |
| Laura J. Hamill | 37,500 | 12,000 |
| J. Jay Lobell | 37,500 | 12,000 |
| Uri A. Lopatin, M.D. | 37,500 | 12,000 |
| John C. Pottage, Jr., M.D. | 37,500 | 12,000 |
| James B. Tananbaum, M.D. | 37,500 | 12,000 |
| Michael D. Varney, Ph.D. | 37,500 | 12,000 |

26.     Further, if they are terminated in connection with the Proposed Transaction, the Company's named executive officers will be entitled to receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following table:

| Name of Executive Officer (including former executive officers) | Cash Payments ($)[1] | Equity Awards ($)[2] | Perquisites / Benefits($)[3] | Other($)[4] | Total ($) |
|---|---|---|---|---|---|
| Thomas Wiggans | 1,406,250 | 55,430 | 43,320 | 72,200 | 1,557,199 |
| Heidi Henson | 709,700 | 193,639 | 24,196 | 40,327 | 967,863 |
| Brian Kearney, PharmD | — | 328,521 | 30,773 | — | 359,294 |
| Uri A. Lopatin, M.D. | — | 2,066,381 | — | — | 2,066,381 |

## The Recommendation Statement Contains Material Misstatements or Omissions

28.     The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Pardes's stockholders.  The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal.

29.     Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Leerink; and (ii) the background of the Proposed Transaction.

*Material Omissions Concerning Leerink's Financial Analyses*

30.     The Recommendation Statement describes Leerink's fairness opinion and the various valuation analyses performed in support of its opinion.  However, the description of Leerink's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Pardes's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Leerink's fairness opinion in determining whether to tender their shares in the Tender Offer or seek appraisal.

31.     With respect to Leerink's Other transactions analysis, the Recommendation Statement fails to disclose the identities of five recent proposals analyzed and the cash consideration in each of these five proposals as a percentage of estimated net cash at closing.

32.     The omission of this information renders the statements in the "Opinion of Leerink Partners LLC" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Background of the Proposed Transaction*

33.     The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

34.     For example, the Recommendation Statement fails to disclose why Defendants Varney and Alsup recused themselves from the vote to enter into the Proposed Transaction, but failed to recuse themselves from the other Board meetings where the Board discussed the Company's strategic alternatives and formation of the special committee of the Board to explore such strategic alternatives.

35.     The omission of this information renders the statements in the "Background of the Offer and Merger" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

36.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.   Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other Pardes stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations**
**of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

27.     Plaintiff repeats all previous allegations as if set forth in full.

28.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Pardes stockholders to tender their shares in the Tender Offer.

29.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

30.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

31.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements

therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

32.    The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Pardes, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

33.    Plaintiff repeats all previous allegations as if set forth in full.

34.    Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

35.    Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

36.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

37.      Plaintiff repeats all previous allegations as if set forth in full.

38.     The Individual Defendants acted as controlling persons of Pardes within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Pardes and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

39.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

40.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed

Transaction.  They were, thus, directly involved in the making of this document.

41.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

42.     By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

43.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Pardes, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D.     Granting such other and further relief as this Court may deem just and proper.

**<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  August 15, 2023                                **Respectfully submitted,**


By   */s/ Shallom Engel*
    Shallom Engel
    **Engel Law PLLC**
    1065 Broadway, Suite 103
    Woodmere, NY 1159
    Telephone: (718) 880-8595
    Email: shallom@engellawpllc.com

    *Attorneys for Plaintiff*